## Fort Henry Oil Company v. Rose, et al.

(Decided June 5, 1923.)

Appeal from Jackson Circuit Court.

Alteration of Instruments—Mines and Minerals—Altering Oil Lease to Require Producing Well in Ten Instead of Five Years Material, and Vitiates Instrument as Against Bona Fide Holder.— The material alteration of an oil and gas lease by changing the provision terminating the lease, if no well was producing oil and gas on the premises within five years, by inserting "ten" in place of "five," vitiated the instrument, not only as between the immediate parties, but even as against a bona fide holder without notice, so that the lessors were entitled to a cancellation of the lease.

KELLY KASH and A. W. BAKER for appellant.

J. R. LLEWELLYN for appellees.

Opinion of the Court by Judge Clay—Affirming.

On April 10, 1916, J. I. Rose and wife executed an oil and gas lease on their farm in Jackson county, which lease was on May 9, 1917, assigned and transferred to the Fort Henry Oil Company. The lease contained the following provisions:

(1) "To have and to hold said premises as long as oil or gas is produced thereon, or the rental paid thereon. If no well is producing oil or gas on the above described premises within five years from date, this agreement renders this agreement void.

(2) "The parties of the second part agree to complete a well on the above land within one year from the date of this agreement, or pay annually therefor the sum of twenty-five cents per acre, to be paid quarterly in advance."

Some time during the summer of 1917 the Fort Henry Oil Company drilled a well which proved to be non-productive. After that, the same company paid the agreed rent until July 14, 1919, when the lessor, J. I. Rose, gave written notice to the company stating that he would accept no further payments of rent, and demanding that it proceed with the development of the property.

Having failed to begin development for more than a year after the notice was given, this suit was brought to cancel the lease on the ground of non-development, and on the further ground that the lease had been materially altered and forged, in that the word "five" occurring in the clause, "If no well is producing oil or gas on the above described premises within five years," had been changed to "ten" years. The chancellor held that the word "five" had been fraudulently changed to "ten," without the knowledge or consent of the lessor, and that the lease expired of its own force on April 16, 1921, and adjudged a cancellation of the lease. From that judgment this appeal is prosecuted.

Appellant insists that even if the lease was materially altered, the only provision for forfeiture was in case there was no producing well on the premises within five years, and that being true, the suit was brought before any forfeiture took place. We need spend no time in discussing this phase of the case. The chancellor found, and the evidence supports his finding, that the lease was fraudulently and materially altered without the knowledge or consent of the lessor. Not only will such an alteration vitiate the instrument as between the immediate parties, but it will vitiate it even as against a *bona fide* holder without notice. 2 C. J.; Walsh v. Hunt, 120 Cal. 46, 52 P. 115, 39 L. R. A. 697; Shiffer v. Moiser, 225 Penn. 552, 74 Atl. 426, 24 L. R. A. (N. S.) 1155, 17 Ann Cas. 756; Bank of Limestone v. Penick, 5 T. B. Mon. 25; Lisle v. Rogers, 18 B. Mon. 528. For this reason the lease was properly cancelled.

Judgment affirmed.